

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-76,336-04

**EX PARTE JOSE CONCEPCION MENDOZA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 692486-C IN THE 180TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of injury to a child and sentenced to sixty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Mendoza v. State*, No. 14-95-00704-CR (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant relies on the statutory basis in Code of Criminal Procedure Article 11.073 to assert that new scientific evidence has emerged that contradicts the scientific evidence relied upon by the State at trial.

Applicant has alleged facts that, if true, might entitle him to relief. Tex. Code Crim. Proc.

art. 11.073; *Ex parte Robbins*, 478 S.W.3d 678 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings regarding the report from Dr. Carl Wigren attached to Applicant's habeas application. Those findings should include whether the information included in the report is based on relevant scientific evidence which was not available at the time of Applicant's trial as defined by TEX. CODE CRIM. PRO. Art. 11.073, whether the information in Dr. Wigren's report proves that Applicant is actually innocent of the charge, and whether the report is so reliable and so contradicts the scientific evidence relied upon by the State at trial that no reasonable juror would have convicted Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  March 31, 2021

Do not publish